UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 22-72 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Andrew Lee Barnes, | |
| Defendant. | |

---

Harry Jacobs, Esq., United States Attorney's Office, counsel for Plaintiff.

Patrick L. Cotter, Esq., Sieben & Cotter, PLLC, counsel for Defendant Barnes.

---

This action is before the Court on various pretrial motions filed by Defendant Barnes and the Government. Because of the nature of the motions filed, no hearing is necessary. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony

relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 18)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2.      **Defendant's Motion for Discovery and Inspection.** Defendant Barnes requests an order requiring the Government to disclose or permit discovery, inspection, and copying of various things pursuant to Fed. R. Crim. P. 12 and 16. The Government represents that it has complied with Rule 16 and will continue to comply with its discovery obligations under the Rules. Defendant's Motion for Discovery and Inspection **(Doc. No. 20)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12 and 16, and is not already moot. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. This Court agrees with those courts who have found

that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio*[1] information in its possession or of which it has become aware as of

---

[1]     This is in reference to *Giglio v. United States*, 405 U.S. 150 (1972).

3

the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

   3.   **Defendant's Motion to Compel Government Attorney to Disclose Specific Evidence.** Defendant Barnes requests an order requiring the Government to disclose the following:

   1. Audio recording and transcript of the interview of Kacey Racette taken by Officer Chao Lee on or about 03/15/2022.

   2. Any and all reports, spreadsheets, recordings or data of any kind relating to the forensic evidence obtained from the search of a Purple Apple Iphone a [sic] black case under PI # MP197984-2 and a Gold Apple Iphone in a clear case under PI # MP197894-3.

   3. Any and all photographs and forensic evidence obtained as a result of a search executed upon a Black Nissan Maxima plate MN MZF236.

   4. Disclose the entire BCA file (Laboratory # S21-21756) on all laboratory examinations performed on all items of evidence submitted to the BCA's Forensic Science Laboratory, and the entire BCA file on all DNA profiling performed at said laboratory or any other laboratory, including the computer disk record of said examinations and profiling.

   5. Disclose the entire Minneapolis Police Department Forensic Firearm division file 21-28017 regarding on all laboratory intake notes, chain of custody, case notes, examination notes, data collection logs, testing notes and logs, laboratory and credentials and analyst credentials, and reporting documents relating to tool mark identification or firearm identification, performed on all items of evidence submitted to for forensic evaluation in this file.

(Doc. No. 21.) The Government represents that it has already produced, or will be producing soon, all items that Defendant requested. Defendant's Motion to Compel

4

Government Attorney to Disclose Specific Evidence **(Doc. No. 21)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12 and 16, and *Brady v. Maryland*, 373 U.S. 83 (1963).

    4.    **Defendant's Motion to Compel Government Attorney to Disclose Evidence Favorable to the Defendant.** Defendant Barnes moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government represents that it will fully comply with its *Brady* and *Giglio* obligations. Defendant's Motion to Compel Government Attorney to Disclose Evidence Favorable to the Defendant **(Doc. No. 22)** is **GRANTED**. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the

5

extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

5.      **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant Barnes seeks an order requiring the Government to timely disclose a written summary of any expert testimony the Government intends to use at trial, as well as other information pursuant to Fed. R. Crim. P. 16(a)(1)(G). The Government agrees to comply with Rule 16 and requests providing Rule 16 information no later than 30 days prior to trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 23)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

6

**6.     Defendant's Motion to Compel Production of Giglio Material.**

Defendant Barnes moves, pursuant *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny for an order compelling the Government to disclose "information regarding any government witness' bias, narcotics habit, psychiatric treatment, monetary sentence, leniency or favorable treatment, or other evidence showing lack of competency . . ." (Doc. No. 24.) The Government states that it has complied and will continue to comply fully with its obligations under *Giglio*. Defendant's Motion to Compel Production of Giglio Material **(Doc. No. 24)** is **GRANTED** to the extent it is not moot. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

**7.     Defendant's Motion for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview.** Defendant Barnes moves to compel the Government to disclose the identity of any informants involved in this case, and to make them available for an interview. The Government objects to Defendant's motion arguing that Defendant has failed to meet his burden to require disclosure. It also, however, represents that to the extent the Government will call any informant to testify as a witness at trial, it will disclose the informant's identity pursuant to the trial judge's order along with other witnesses in this case. Defendant's Motion for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview **(Doc. No. 25)** is **GRANTED IN PART** and **DENIED IN PART**. The Government shall continue to

evaluate its informants and make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law, and shall continue to provide information as required by *Brady*, *Giglio*, and their progeny. To the extent that the Government intends to call an informant as a witness at trial, the Government must disclose the identity of that informant to the defense at least 14 days prior to trial.

8. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant Barnes moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material no later than three weeks prior to the commencement of trial. The Government opposes being compelled by Court order to disclose such material, but represents that it will voluntarily provide the defense with all Jencks Act materials no later than three business days prior to trial. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Disclosure of Jencks Act Material **(Doc. No. 26)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary disclosure of Jencks Act material no later than three days prior to trial as the Government represents it will do.

9. **Defendant's Motion for Disclosure of 404 Evidence.** Defendant moves

for immediate disclosure (or in any event no later than 30 days prior to trial) of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and also requests the Government identify the basis for its admissibility and the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure 14 days prior to trial. Defendant's Motion for Disclosure of 404 Evidence **(Doc. No. 27)** is **GRANTED IN PART** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

   **10.**   The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge John R. Tunheim.

Date:  July 5, 2022

                                                             *s/ Becky R. Thorson*
                                                             BECKY R. THORSON
                                                             United States Magistrate Judge